**Rene JOVEL, Petitioner—Appellant,**

v.

**M. YARBOROUGH, Warden, Respondent—Appellee.**

No. 04–56972.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2005.*

Decided Nov. 29, 2005.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kent A. Russell, Esq., San Francisco, CA, for Petitioner—Appellant.

Stephanie C. Brenan, AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent—Appellee.

Before: CANBY, FERNANDEZ, and BERZON, Circuit Judges.

## MEMORANDUM **

Appellant Rene Jovel appeals the district court's denial of his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

We review de novo a district court's denial of a habeas petition. *Himes v. Thompson,* 336 F.3d 848, 852 (9th Cir. 2003). Jovel's claim that there was insufficient evidence to convict him of assault with a semiautomatic firearm is reviewed under the deferential standard of the Anti-

Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d). *See Juan H. v. Allen,* 408 F.3d 1262, 1275 n. 13 (9th Cir.2005). Thus, the question for our decision is whether the California Court of Appeal, in holding that the evidence was sufficient, unreasonably applied the standard established by the Supreme Court in *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979): whether *"any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.; see* 28 U.S.C. § 2254(d)(1).

The state court did not unreasonably apply the *Jackson* standard in concluding that any rational jury could have found the elements of assault beyond a reasonable doubt. *Jackson* measures the sufficiency of the evidence with reference to the substantive elements of the offense as defined by state law. *See Jackson,* 443 U.S. at 324, 99 S.Ct. 2781 n. 16. A rational jury could have found that, because of Jovel's participation in the earlier residential robbery, Jovel knew that a gun would be used in the commercial robbery. In turn, any rational jury could have found that a reasonable person in Jovel's position should have known that an assault with the gun was a foreseeable consequence of the armed robbery. *See People v. Prettyman,* 14 Cal.4th 248, 262, 58 Cal.Rptr.2d 827, 926 P.2d 1013 (1996) (holding that an aider and abettor is liable for any offenses that are a natural and probable consequence of the crime he aided); *People v. Nguyen,* 21 Cal.App.4th 518, 535, 26 Cal.Rptr.2d 323 (1993) (explaining that an offense is a natural and probable consequence of another crime if "a reasonable person in the defendant's position would have or should have known that the charged offense was a reasonably foreseeable consequence of the

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

act aided and abetted"). Thus, the state court did not unreasonably apply federal law when it held that there was sufficient evidence to convict Jovel of assault with a firearm on the theory that the assault was a natural and probable consequence of the crime in which he participated.[1]

The judgment of the district court is AFFIRMED.

---

1. We do not address the issue of whether the state court should have reviewed the correctness of the aiding and abetting jury instruction because it is outside the scope of the Certificate of Appealability.

